IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PINN, INC. )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>XIAOMI CORPORATION, )<br>XIAOMI H.K., LTD, XIAOMI )<br>COMMUNICATIONS CO., )<br>LTD, and XIAOMI INC. )<br>)<br>*Defendants*. )<br>) | C.A. No.: 6:24-cv-00013-XR |

**SERVED DEFENDANTS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)**

Plaintiff Pinn, Inc. ("Pinn") filed this lawsuit against four foreign defendants Xiaomi Corporation, Xiaomi H.K., Ltd., Xiaomi Communications Co., Ltd., and Xiaomi Inc.[1] [Dkt. No. 1, ¶¶ 3-6.] Xiaomi Corporation and Xiaomi H.K., Ltd. ("Served Xiaomi Defendants") make this special appearance for the sole purpose of contesting personal jurisdiction under Rule 12(b)(2).

This Court has no personal jurisdiction over the Served Xiaomi Defendants, who are foreign companies. The Complaint relies on nothing but merely conclusory and unsupported allegations that Texas has proper personal jurisdiction over the Served Xiaomi Defendants. Pinn does not allege that either of the Served Xiaomi Defendants is "at home" anywhere in the United States or this District, or conducts continuous and systematic activities anywhere in the United States or this District. Pinn does not allege that the Served Xiaomi Defendants have purposefully

---

[1] At the time of the instant filing, Xiaomi Inc. and Xiaomi Communications Co., Ltd. have not been served with process pursuant to the provisions of the Hague Convention.

1

directed activities in Texas or in the United States, or those conducts relate to the causes of action. In fact, neither Served Xiaomi Defendants has registered to do business in Texas. Neither has an office, employee, or operation in Texas. Neither Served Xiaomi Defendants have targeted Texas residents or has any connection with Texas. Similarly, plaintiff has no presence in Texas either – Pinn is a California corporation with an office in California only; its owner and patent inventor, Mr. Kim, also resides in California. For these reasons, the Court should dismiss the claims against the Served Xiaomi Defendants under Rule 12(b)(2) and 12(b)(3).

## I.   FACTUAL BACKGROUND

On January 5, 2024, Pinn sued four foreign defendants for alleged infringement of a single U.S. Patent No. 10,455,066 (the "Asserted Patent" or "the '066 Patent") by Redmi Buds 3, Redmi Buds 4, Redmi Buds 4 Pro, Redmi Buds 3 Pro, Redmi Buds 3 Lite, Redmi Buds 4 Lite (the "Accused Earbuds"). [Dkt. No. 1, ¶¶ 16, 32.] Pinn is a California corporation based in California (*Id*., ¶ 1) with no presence in Texas.

The Complaint only relies "on information and belief" that the Served Xiaomi Defendants are subject to personal jurisdiction in Texas because each purportedly "does business in Texas and in the *Eastern* District of Texas, directly or through its subsidiaries." But Pinn does not cite a single fact in support of these conclusory allegations:

> 3.    On information and belief, Defendant Xiaomi Corporation is a corporation organized and existing under the laws of the Cayman Islands, with a place of business at Maples Corporate Services Limited, P.O. Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. On information and belief, Xiaomi Corporation makes and sells consumer electronics products, including wireless earbuds, in the world and the United States. On information and belief, Xiaomi Corporation does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.
> …
>
> 5.    On information and belief, Xiaomi H.K. Ltd. is a corporation organized

> and existing under the laws of Hong Kong, with its principal place of business at Unit 806, Tower 2 8/F, Cheung Sha Wan Plaza, 833 Cheung Sha Wan Road, Kowloon City, Hong Kong. Xiaomi H.K. makes and sells consumer electronics products, including wireless earbuds, in the world and the United States. On information and belief, Xiaomi H.K. does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries.
>
> 6. Xiaomi offers for sale and sells the accused products to customers and potential customers in Texas, including in this judicial district.

[Dkt. No. 1, ¶¶ 3, 5, 6.]

The Complaint further alleges that venue is proper in the Western District of Texas based on all four defendants' conduct collectively:

> 9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b), because Xiaomi markets, sells, makes, tests, uses, and delivers accused products in this district, directs and instructs customers and end users on how to use the accused products in this district, and has committed acts of infringement in this district.
>
> 10. Xiaomi offers for sale and sells products within the State of Texas and within the Western District of Texas that directly or indirectly infringe the Asserted Patent. Xiaomi purposefully and voluntarily places its infringing products into the stream of commerce with both the expectation and the knowledge that those products will be purchased and used by consumers in the Western District of Texas.
>
> 11. For example, while Xiaomi is a China-based entity, it operates a United States-focused website (https://www.mi.com/us/) which includes website pages advertising the Accused Products.
>
> 12. Venue is proper as to Xiaomi in this District under 28 U.S.C. § 1391(c), because Xiaomi is a foreign corporation..

[Dkt. No. 1, ¶¶ 9-12.] Again, Pinn alleges no specific fact to support these general allegations.

As Pinn concedes in the Complaint, the Served Xiaomi Defendants are Cayman Islands and Hong Kong companies with different principal places of business in the Cayman Islands and Hong Kong, respectively. [*Id.*, ¶¶ 3, 5.] As foreign corporations with no presence in the United States, the Served Xiaomi Defendants have no office, employee, or agent in Texas or elsewhere

in the United States; do not own any phone number, bank account, property, or business license in Texas or elsewhere in the United States; and are not registered to do business in Texas or elsewhere in United States. [ Ex. 1, Declaration of Mengya Wu in Support Of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Wu Decl."), ¶ 2.]

## II.   THIS COURT LACKS PERSONAL JURISDICTION OVER THE SERVED XIAOMI DEFENDANTS

A court may subject a defendant to judgment <u>only</u> when the defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (citation omitted).

### A.   The Served Xiaomi Defendants Are Not Subject to General Jurisdiction in Texas.

As the Supreme Court explained in *McIntyre*, "[a] person may submit to a State's authority in a number of ways," including "[c]itizenship or domicile—or, by analogy, incorporation or principal place of business for corporations." *Id.* When a corporation is incorporated or headquartered in a State, it can be inferred that it intends to benefit from and will submit to the law of the forum State and, thus, supports the court's exercise of general jurisdiction over the defendant. *Id.* at 881. If general jurisdiction is present, the court may "resolve both matters that originate within the State and those based on activities and events elsewhere." *Id.* "By contrast, those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *J. McIntrye Mach., Ltd.*, 564 U.S. at 881.

4

If a corporation is <u>not</u> incorporated or headquartered in a State, a court may assert general jurisdiction over it only "when [its] affiliations with the State are so 'continuous and systematic' as to render [them] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted). Under Texas's general jurisdiction statute, a Texas court may exercise general jurisdiction over companies doing permanent and continuous business in Texas.

Here, the Served Xiaomi Defendants are both foreign companies. [Wu Decl., ¶ 2.] Neither of the Served Xiaomi Defendants maintains any office, employee, or agent in Texas or elsewhere in the United States. [*Id.*] Neither of the Served Xiaomi Defendants owns any phone number, bank account, or property in Texas or elsewhere in the United States. [*Id.*] Neither of the Served Xiaomi Defendants is registered to do business or owns any business license in Texas or elsewhere in the United States. [*Id.*] Thus, their purported contacts with Texas are insufficient to confer general jurisdiction. *See, e.g., Grober v. Mako Prods., Inc.,*. 686 F.3d 1335, 1346 (Fed. Cir. 2012) (holding that general jurisdiction did not exist over a foreign defendant who shipped items to another defendant in the forum state, exhibited products at trade shows in the forum state, placed an isolated advertisement in a trade publication based in the forum state, and was listed as a contact on the accused device owner's website). Thus, there is no basis for this Court to exercise general jurisdiction over any of the Served Xiaomi Defendants because neither of them conducts any permanent and continuous business in Texas. *McIntyre*, 564 U.S. at 886 (finding the exercise of general jurisdiction improper where the "British manufacturer had no office in New Jersey; it neither paid taxes nor owned property there; and it neither advertised in, nor sent any employees to, the State …").

The Complaint also generally alleges that each of the Served Xiaomi Defendants "does business in Texas and in the Eastern District of Texas, directly or through its subsidiaries." [Dkt.

5

No. 1, ¶ 5.] On the contrary, neither of the Served Xiaomi Defendants has a subsidiary in Texas or elsewhere in the United States. [Wu Decl., ¶2.] Even if they did, subjecting a foreign parent to the general personal jurisdiction of a forum state based on its subsidiary's presence is improper and "would not accord with the 'fair play and substantial justice' due process demands.'" *See Daimler*, 571 U.S. at 142.

> **B.    The Served Xiaomi Defendants Are Not Subject to Specific Jurisdiction in Texas.**

There is also a more limited form of submission to a state's authority for disputes that "arise out of or are connected with the activities within the State." *McIntyre*, 564 U.S. at 881 (citation omitted). When a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," such contacts with and activity directed at the sovereign may justify the exercise of specific jurisdiction over a defendant "in a suit arising out of or related to the defendant's contacts with the forum.'" *Id.* (citations omitted). However, "[i]n order for a court to exercise specific jurisdiction over a claim, there <u>must be</u> an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (emphasis added). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Meyers*, 137 S. Ct. at 1781; *see also Goodyear*, 546 U.S. at 930, n.6 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales."). In a patent case, courts assess specific jurisdiction "by considering (1) whether the defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises

out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015).

A defendant merely placing goods into the stream of commerce that may end up in the forum, however, does not support the exercise of jurisdiction. "The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *McIntyre*, 564 U.S. at 882. Indeed, for the defendant to have established the necessary "minimum contacts" with the forum State, such contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987) (citation omitted).

As the Supreme Court explained in *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014), "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" (*quoting Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (internal quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.

Here, Pinn conclusorily alleges that "Xiaomi offers for sale and sells the accused products to customers and potential customers in Texas, including in this judicial district" (Dkt. No. 1, ¶6) because "Xiaomi purposefully and voluntarily places its infringing products into the stream of commerce with both the expectation and the knowledge that those products will be

purchased and used by consumers in the Western District of Texas. For example, while Xiaomi is a China-based entity, it operates a United States-focused website (https://www.mi.com/us/) which includes website pages advertising the Accused Products." [*Id.*, ¶¶ 10, 11.] The Complaint, however, neither differentiates amongst the defendants, nor alleges that any of the Accused Earbuds were actually sold by either of the Served Xiaomi Defendants in Texas.

The Complaint fails to show that either Served Defendant has ties to this forum. Although the Complaint alleges that, each of the Served Xiaomi Defendants "makes and sells consumer electronics products, including wireless earbuds, in the world and the United States," [Dkt. 1, ¶¶ 3, 5], Pinn does not even allege a single actual sale or shipment of an Accused Earbud to a Texas resident by Xiaomi. Indeed, neither of the Served Xiaomi Defendants, has sold, advertised or marketed any product targeting consumers in Texas. [Wu Decl., ¶ 5.] Neither of the Served Xiaomi Defendants has ever sold or shipped any Accused Earbuds to consumers in Texas. [*Id.*] Moreover, neither of the Served Xiaomi Defendants has a distributor or retailer in Texas. [*Id.*, ¶ 6.] Neither has instructed or authorized any distributors or retailers to target consumers in Texas either. [*Id.*] Neither of the Served Xiaomi Defendants is involved in operating or maintaining the website https://www.mi.com/us/ as alleged in Pinn's Complaint Paragraph 11. [*Id.*, ¶ 3.] Even if they were involved in the online sales of the Accused Earbuds, the Court's exercise of specific jurisdiction over any of the Served Xiaomi Defendants would still offend due process because it would be unreasonable for the Served Xiaomi Defendants to expect to be subject to this Court's jurisdiction when they have not targeted Texas. *McIntyre*, 564 U.S. at 882.

Accordingly, this District lacks specific jurisdiction because neither of the Served Xiaomi Defendants have purposefully availed themselves of the privilege of conducting activities within Texas or committed any suit-related conduct within Texas.

## III.   PINN SHOULD NOT BE PERMITTED TO CONDUCT FUTILE JURISDICTIONAL DISCOVERY

The Court should reject any request by Pinn for jurisdictional discovery. A plaintiff is not entitled to jurisdictional discovery if its allegations fail to establish even a *prima facie* showing of jurisdiction. *Arriba, Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 536–537 (5th Cir. 1992) (holding that jurisdictional discovery was not appropriate in light of the complaint's vague and conclusory jurisdictional allegations); *First Inv. Corp. v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 755, n.8 (5th Cir. 2012) (noting there was no error when the district court denied jurisdictional discovery because plaintiff "failed to allege facts that, if true, would establish jurisdiction"). Because Pinn fails to allege even a *prima facie* case—let alone a single fact to be discovered—it is not entitled to jurisdictional discovery.

Moreover, jurisdictional discovery is unnecessary when this discovery is unlikely to reveal facts relevant to the jurisdictional analysis. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (upholding district court's conclusion that jurisdictional discovery was not warranted where plaintiff failed to make a *prima facie* showing of personal jurisdiction and additional discovery would only reveal evidence insufficient to establish jurisdiction). Here, discovery would not reveal any additional information relevant to Served Xiaomi Defendants' nonexistent contacts with or presence in this forum, let alone any facts of legal significance to the jurisdictional analysis. Discovery cannot change the fact that Served Xiaomi Defendants do not sell products in Texas, do not have any employees, offices, or any other physical presence in Texas, and never sold or shipped any products to Texas. [Wu Decl., ¶¶ 2, 5, 6.] Where, as

here, there are no credible jurisdictional allegations and no U.S. relationship to investigate, a dismissal—rather than futile jurisdictional discovery—is appropriate.

## IV.    CONCLUSION

Because the Court lacks personal jurisdiction over the Served Xiaomi Defendants in this case, the Court should grant the Served Xiaomi Defendants' motion to dismiss under Rule 12(b)(2).

Dated:  August 16, 2024

Respectfully Submitted,

By: _/s/_____
State Bar No. 24051447
Email:  Rene.Trevino@gtlaw.com
**GREENBERG TRAURIG, LLP**
1000 Louisiana Street, Suite 6700
Houston, Texas 77002
Telephone: 713.374.3500
Facsimile: 713.374.3505

**ATTORNEY FOR SERVED DEFENDANTS XIAOMI H.K., LTD. AND XIAOMI CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 16th day of August 2024, with a copy of the above-document via the Court's CM/ECF System.

                                                */s/ Jarrett Poindexter*
                                                Jarrett Poindexter